**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Crystal Weaver Brown for KMM 1490, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 5:17-cv-1718-PMD-KDW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff Crystal Brown's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 21 & 16). The Magistrate Judge recommends dismissing Plaintiff's case without prejudice for failure to prosecute because Plaintiff has not complied with the Magistrate Judge's two proper-form orders. Plaintiff objects, arguing that the documents she sent in response to the Magistrate Judge's proper-form orders were sent to the wrong address and returned to sender. She has attached those documents to her objections, marking the first time that they have been filed with this Court.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions.

*Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff timely filed her objections to the R & R, and the documents attached to the R & R appear to establish her compliance with the Magistrate Judge's proper-form orders. Accordingly, the Court declines to adopt the R & R and refers this action back to the Magistrate Judge for her to determine whether Plaintiff's newly-filed documents have in fact brought her case into the proper form. The Court notes that Plaintiff's timely objections reveal that she is able to respond adequately to communications from this Court. Thus, any future failure to file responsive documents, motions, or briefs without sufficient justification will be viewed far less favorably. *See Slocumb v. Ozmint*, No. 9:07-cv-3903-HMH-BM, 2008 WL 4808638, at *2 (D.S.C. Nov. 4, 2008).

## CONCLUSION

For the foregoing reasons, the Court declines to adopt the R & R and refers this action back to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**November 1, 2017**
**Charleston, South Carolina**