UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Crystal Weaver Brown, on behalf of K.M.M. 1490, | ) ) ) | C/A No. 5:17-1718-DCC-KDW |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

This case concerns an appeal from a denial of social security benefits for Plaintiff's minor child. In a related "Motion to Add Evidence to Exhibits," Plaintiff "respectfully requests permission to add evidence that was submitted to the Appeals Counsel [sic] before denial of review." ECF No. 50. Plaintiff asserts that "[b]ecause of unusual circumstances, it appears that plaintiff could have had several more months to submit even more evidence such as additional IEP, Mental Health records and other medical evidence in general during this period had she known that the Appeals Counsel [sic] was still considered to have control of this case after District Court filing date." *Id.* The additional evidence Plaintiff seeks to add includes an Individualized Education Program ("IEP") report from Dorchester School District 4 dated April 20, 2017, and a Medical Source Statement from Sandi E. Engler PA-C and David Castellone, MD dated March 27, 2017. *Id.*

The Commissioner argues that the motion should be denied because Plaintiff has not demonstrated good cause for failing to submit the evidence earlier and does not specify the nature of the "unusual circumstances" that prevented her from timely submitting the materials to the Appeals Council as required. ECF No. 57.

On reply Plaintiff acknowledges that she was given 25 days to submit additional evidence, but that "this most new and updated material evidence was received outside of the time frame that was granted by the Appeals Council by no fault of my own." ECF No. 60. Plaintiff states that she "is not seeking remand based on this evidence but only requesting that it be numbered and considered with the rest of the exhibits that was viewed by the Appeals Counsel [sic] prior to the Federal Court Filing because the timing of acquiring this evidence was out of [her] control going past the time frame allotted by the Appeals Council. *Id.* at 2. Plaintiff asserts that she "cannot explain nor understand the communication from the Appeals Council dated March 3, 2018 referring to review of March 27, 2017 Medical Source Statement and April 20, 2017 IEP evidence." *Id.*; *see* Letter from Appeals Council to Pl. (Mar. 3, 2018) at ECF No. 60-1 at 17.

Following the second administrative hearing on July 14, 2016, the ALJ issued an unfavorable decision on November 2, 2016. Tr. 18-20.[1] The ALJ's Notice of Decision informed Plaintiff that she could request review of his decision by the Appeals Council and she could also submit new evidence. *Id.* Plaintiff's representative requested review on December 2, 2016. Tr. 12. On February 24, 2017, the Appeals Council acknowledged the request and informed the representative that she could submit additional evidence but that it "must be new *and* material to the issues considered in the hearing decision dated October 28, 2016.[2] Tr. 7 (emphasis in original). The Appeals Council noted that any information must be sent within 25 days of the date of the letter. *Id.* On April 25, 2017, the Appeals Council issued a notice denying Plaintiff's request for review. Tr. 1-5. The Appeals Council concluded the additional evidence submitted by Plaintiff did not provide a basis for changing the ALJ's decision. Tr. 2. The Appeals Council indicated that it

---

[1] The transcript of the administrative record in this case can be found at ECF No. 43-2.
[2] This appears to be a scrivener's error as the ALJ's decision was dated November 2, 2016.

considered additional evidence from Dr. McLeod Gwynette dated September 26, 2013, but determined the evidence was not new because it was a copy of Exhibit B12F. *Id.* The Appeals Council informed Plaintiff she had 60 days to file a civil action. Tr. 3. Other evidence submitted by Plaintiff was made a part of the record. That evidence consisted of the following:

- Exhibit B23E - Representative correspondence, dated December 2, 2016, authored by Joyce A. Carson.

- Exhibit B22E – Teacher questionnaire, dated December 13, 2016.

- Exhibit B36F – Medical records from MUSC dated August 27, 2013 through November 14, 2016.

- Exhibit B37F – Medical records from SC Department of Mental Health, dated November 19, 2013 through January 9, 2017.

Tr. 5.

On March 3, 2018, the Appeals Council sent Plaintiff a letter regarding additional evidence submitted—the April 20, 2017 IEP report from Dorchester School District 4 and the March 27, 2017 Medical Source Statement from Sandi E. Engler PA-C and David Castellone. ECF No. 60-1 at 17. The Appeals Council informed Plaintiff that it had reviewed the evidence submitted and "concluded that no change in the prior action is warranted. The case is now before the district court and no further administrative action will be taken pending the court's review." *Id.*

Applicable law indicates that when a claimant requests review of an ALJ decision, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an [ALJ]." 20 C.F.R. § 404.967. The regulations permit claimants to submit additional evidence that was not before the ALJ when requesting Appeals Council review. 20 C.F.R. §§ 404.968, 404.970.[3] In such cases, the regulations require

---

[3] 20 C.F.R. § 404.970 was amended effective January 17, 2017. The version in effect at the time of the ALJ's decision contained the following language:

3

that the Appeals Council first determine if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). "The new evidence need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time." *Outlaw v. Colvin*, No. 5:11-CV-647-FL, 2013 WL 1309372, at *2 (E.D.N.C. Mar. 28, 2013) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" *Meyer,* 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't Health and Human Servs.,* 953 F.2d 93, 95-96 (4th Cir. 1991)). Courts in this District have limited *Meyer's* applicability to cases where there is an evidentiary gap in the medical record. *See Fallaw v. Berryhill*, C/A No. 6:16-cv-02623-JMC, 2018 WL 1566729, at *2-3 (D.S.C. Mar. 30, 2018); *Stepp v. Berryhill*, C/A No. 1:17-771-MBS-SVH, 2017 WL 6806664, at *18 (D.S.C. Dec. 6, 2017), *report and recommendation adopted,* No. CV 1:17-0771-MBS, 2018 WL 294517 (D.S.C. Jan. 3, 2018); *New v. Colvin*, No. CIV.A. 6:14-291-BHH, 2015 WL 5671789,

---

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). The 2017 version of this regulation provides that the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The 2017 version also states that the Appeals Council will only consider additional evidence if the claimant shows good cause for not submitting the evidence. 20 C.F.R. § 404.970(b). References to 20 C.F.R. § 404.970 in this Order are to the pre-2017 version of the regulation.

at *3 (D.S.C. Sept. 25, 2015) (noting that "*Meyer* requires a blind spot in the record. The new evidence must fill an 'evidentiary gap' and be 'missing evidence.'").

If, upon consideration of all the evidence (including any new and material evidence), the Appeals Council finds that the ALJ's action, findings, or conclusions are not contrary to the weight of the evidence, it can simply deny the request for review. *Meyer,* 662 F.3d at 705. Nothing in the SSA or the regulations requires the Appeals Council to explain its rationale for denying review. *Id.* In this case the Appeals Council considered the evidence Plaintiff is now seeking to add to the record but found it did not change its decision.

Admission of this evidence is not warranted in this case. First, according to Plaintiff's own motion, she is not seeking remand based on the new evidence. ECF No. 60 at 2. Second, although it did not make the evidence part of the record, the Appeals Council considered it and concluded that it did not affect the ALJ's decision. ECF No. 60-1 at 17. Accordingly, the documents are not material because they would not reasonably have changed the outcome.

Plaintiff's Motion to Add Evidence, ECF No. 50, is denied.

IT IS SO ORDERED.

January 24, 2019  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge