IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Crystal Weaver Brown, on behalf of, K.M.M. 1490, <br><br> Plaintiff, <br><br> v. <br><br> Nancy Berryhill, Acting Commissioner of Social Security, <br><br> Defendant. | C/A No. 5:17-1718-DCC <br><br><br> **OPINION AND ORDER** |

Plaintiff has brought this *pro se* action on behalf of her minor child, K.M.M. 1490, pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 25, 2019, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 70. On February 8, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on February 20, 2019. ECF Nos. 73, 76. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

In August 2012, Plaintiff applied for SSI on K.M.M.'s behalf alleging a disability onset date of November 21, 2008. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge

("ALJ"), which was held on October 8, 2014. The ALJ issued an unfavorable decision on December 15, 2014. Plaintiff requested review of the ALJ's decision, and the Appeals Council issued an order remanding the case to the ALJ with instructions to evaluate a statement from K.M.M.'s treating neurologist regarding his migraine headaches, K.M.M.'s autism diagnosis, and evidence regarding K.M.M.'s learning disability to determine if these impairments "cause more than a slight abnormality or a combination of slight abnormalities that causes significant functional limitations. The Appeals Council also instructed the ALJ to consider new and material evidence submitted with the request for review regarding K.M.M.'s scoliosis diagnosis and his body mass index.

A second hearing was held before the ALJ on July 14, 2016. Thereafter, on November 2, 2016, the ALJ issued an unfavorable decision denying Plaintiff's claim. Plaintiff requested review, sought an exception to reapply for SSI while the case was pending, and requested the case be considered as a dire need. On April 25, 2017, the Appeals Council issued an order denying Plaintiff's request for review after considering additional evidence submitted by Plaintiff and considering Plaintiff's allegation of bias by the ALJ. The Appeals Council's denial made the ALJ decision the final decision for purposes of judicial review.

## **DISCUSSION**

The Magistrate Judge addressed each of the issues raised by Plaintiff in great detail and through the proper lens of liberal construction of pro se pleadings. Plaintiff submitted lengthy objections, which the Court has thoroughly reviewed. In large part, Plaintiff's objections recite legal standards, standards for various Listings, and arguments from her briefs. Liberally construing Plaintiff's objections, the Court notes that Plaintiff

3

merely reargues the issues already raised in her briefs without raising any specific objections to the Report. Nonetheless, the Court has conducted a de novo review of the record and reviewed the Report with great scrutiny to ensure that the ALJ's decision is supported by substantial evidence and that the ALJ applied the appropriate legal standards. Having done so, the Court concludes that the Report's detailed discussion of the issues in this case is correct and incorporates it herein by reference. Accordingly, the Court affirms the decision of the Commissioner.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 27, 2019
Spartanburg, South Carolina